UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00078-TBR


**BERNICE F. GREENE**

v.

**DR. OLES B. DROBOCKY and DROBOCKY ORTHODONTICS, PSC**


# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved her case against the Defendants by clear and convincing evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for the Plaintiff and Defendants may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

Another part of your job as jurors is to decide the credibility of each witness. This is your

job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people when deciding credibility. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory. One juror should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all ~~seven~~ 8 (7)

members of the jury must agree on any answer to the question and on the verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1
## Deposition Testimony

During the trial, certain testimony was presented to you by videotaped depositions or by depositions read to you. You should give this testimony the same weight and consideration you would give it had the witnesses appeared and testified here in court.

# INSTRUCTION NO. 2
## Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be an expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

# INSTRUCTION NO. 3
## Definition of "Clear and Convincing Evidence"

The term "clear and convincing evidence" is used in these Instructions and needs additional explanation. It is the Plaintiff's responsibility to prove her fraud in the inducement claim by clear and convincing evidence. Clear and convincing evidence does not necessarily mean uncontradicted proof. Instead, clear and convincing evidence means evidence substantially more persuasive than a preponderance of evidence, but it need not convince you beyond a reasonable doubt. Put another way, it is sufficient if there is evidence that tends to prove the Plaintiff's allegations and that evidence is so substantial in nature that it would convince ordinary, prudent-minded people. If the proof should fail to establish any of the essential elements of the Plaintiff's fraud in the inducement claim by clear and convincing evidence, the jury should find for the Defendants.

# INSTRUCTION NO. 4
## Fraud in the Inducement

Plaintiff Bernice Greene has brought a claim against Defendants Dr. Oles Drobocky and Drobocky Orthodontics for fraud in the inducement. You will find for Bernice Greene if you are satisfied from clear and convincing evidence as follows:

(1) That Dr. Oles Drobocky made a material misrepresentation;

(2) That the misrepresentation was false;

(3) That Dr. Oles Drobocky knew the misrepresentation was false, or made the misrepresentation with reckless disregard as to its falsity;

(4) That Dr. Oles Drobocky intended for Bernice Greene to rely on that misrepresentation and act on it;

(5) That Bernice Greene did in fact act on the misrepresentation in reliance on it;

**AND**

(6) That the misrepresentation thereby caused injury to Bernice Greene.

Otherwise, you will find for Dr. Oles Drobocky and Drobocky Orthodontics. If you find for Bernice Greene, you may award damages in an amount that will reasonably and fairly compensate her for the injury sustained.

# INSTRUCTION NO. 5
## Compensatory Damages

If you found in favor of the Plaintiff, Bernice Greene, on her claim of fraud in the inducement in Instruction No. 4, you must determine what sum or sums of money would justly and reasonably compensate the Plaintiff for her losses, if any, that directly resulted from the fraud in the inducement. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial. In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. You may only award Bernice Greene compensatory damages if you found in her favor in Instruction No. 4.

If you found in favor of Bernice Greene in Instruction No. 4, what sum of money would justly and reasonably compensate Ms. Greene for her losses, if any, that resulted from the fraud in the inducement? This amount may not include any punitive damages to which you think Bernice Greene is entitled.

$ _____

Foreperson: _____

# INSTRUCTION NO. 6
## Punitive Damages

If you find for the Plaintiff, Bernice Greene, on the fraud in the inducement claim in Instruction No. 4 and award her damages for that claim, you may consider the issue of punitive damages. "Punitive damages" are damages awarded against a Defendant to punish him for his misconduct in a case and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You may, in your discretion, award Bernice Greene punitive damages in addition to the damages under Instruction No. 5 against Dr. Oles Drobocky and Drobocky Orthodontics only if you are satisfied by clear and convincing evidence that Dr. Oles Drobocky acted with oppression, fraud, or malice in his conduct toward Bernice Greene. As used in this Instruction, "oppression" means conduct which is specifically intended by the Defendant to subject the Plaintiff to cruel and unjust hardship. As used in this Instruction, "fraud" means an intentional misrepresentation, deceit, or concealment of material fact known to the Defendant and made with the intention of causing injury to the Plaintiff. As used in this Instruction, "malice" means either conduct which is specifically intended by the Defendant to cause tangible or intangible injury to the Plaintiff, or conduct that is carried out by the defendant with a flagrant indifference to the rights of the Plaintiff.

In determining an amount, if any, of punitive damages, you should consider the following factors:

> 1. The likelihood at the relevant time that serious harm would arise from the Defendant's misconduct;

11

2. The degree of the Defendant's awareness of that likelihood;

3. The profitability of the misconduct to the Defendant;

4. The duration of the misconduct and any concealment of it by the Defendant;

AND

5. Any actions by the Defendant to remedy the misconduct once it became known to him.

If you award punitive damages, you will state the amount separately from the sum under Instruction No. 5.

(1) Did Bernice Greene prove by clear and convincing evidence that Dr. Oles Drobocky acted with oppression, fraud, or malice?

YES: _____ NO: _____

Foreperson: _____

*If you answered "Yes" to Part (1), please proceed to part (2) of the question. If you answered "No" to the question, please return to the court room.*

(2) We the jury award punitive damages in the amount of:

$_____

Foreperson: _____

**Please return to the courtroom.**

12